Chancellor Thompson,
dissenting. — William Elliott, of Berkley, by his will, bearing date 15th June, 1738, devised as follows; — “1 give, devise and bequeath to my three sons, Win. EUiott, Thomas Elliott and Joseph Elliott, all that, my plantation pr tract of land, on Charleston Neck, containing 15f acres; i also give and bequeath to mj' said three sons, William, Thos. and Joseph, £10,000 current money of the province- — to have and to hold the said 15.|, acres of land, and the «aid sum of *287 £10,000, unto my said three sonsj William Elliott, Thomas Elliott and Joseph Elliott, their heirs, executors, administrators and assigns forever.” Thomas Elliott, one of the devi-sees, by his last will and testament, bearing date tlie 6th June? 17G7, devised his whole real estate,whatsoever, and wheresoever* to his wife, Sarah. Elliott, the mother of the complainant, who,, by her last will and testament, bearing date September 7th, 1774, (without taking any notice of the aforesaid .undivided tract of land) directed her executors to sell her real estate; but owing to the peculiar circumstances of the case, her will could not be complied with; by reason whereof, all the right and title, of the said Sarah, to the aforesaid 15f acres of land,-vested in William Elliott, who was her eldest son and heir at law, .-she having died -in 1774, before the passing the act abolishing the rights of primogeniture. William Ellio-tt, by his will bearing" date February 24th, 1775, devised all his estate, real and personal, whatsoever, and wheresoever, to the complainants; wherc-<by it appears there is a clear and indisputable deduction'of title1 from William Elliott, of Berkley, down to the complainant*unfettered with any trust, restriction or iimiiat'ion whatsoever..
The defendants resist this claim on several grounds: The first is, that there is a secret trust in the will of William Elliott^ of Berkley, in favor of an association under the denomination oF the Antipcedo Baptists, and they claim the reversion upon the extinction of that society, as heirs at law of-William Elliott, of Accabce, eldest son and heir at law of William'Elliott,, of Bcrk-ley. It appears that William Elliott did make a declaration of trust oflns undivided share of the said 15f acres of land, but that neither Thomas Elliot or any other person -.under whore the complainant claims, ever did, and, consequently,'his fight remains unimpaired. But admitting-.there was a.declaration of trust by the three sons of Thomas Elliott;- to witt, William* Thomas and Joseph, upon the extinction of the society, the trust would have resulted to them, and not to the heirs.of'the testator of William Elliott, of Berkley. But there '.is no evidence, either intrinsic or extrinsic, to show that Thomas .Elliott ever executed a -trust, except by parol- - testimony, which is *288 totally inadmissible, it being directly in the teeth of the statute of frauds-. There are afew cases where parol evidence has been admitted to establish a secret trust, but they were decided under peculiar circumstances.
The next defence relied on, is lapse of time. It will be observed that the title of the parties to this land never as-»' crued until the year 1796, and the action.was commenced ita .1808, a period of 12 years; which has never been considered long enough to raise a presnmptioti against a right.
The last ground of defence relied on, is the statute of limitations.
I hold it to be clear and undeniable law, that the statute will not run in favor of one tenant in common against another. .Thfesezin of one is considered in law as the sezin of the other. There is no definite part belonging to cither; each is seized per mie et per tout, there can exist no hostile possession until a'sev> erance is made, nor can an action be maintained by one tenant in common against his co-tenant, in any other case than that of Ouster. I am, therefore of opinion that the decree of the circuit courtis erroneous upon every point of the case...